Opinion of the court, by
Judge Hitchcock
This motion was originally made in the court of common pleas of Licking county; and there not being a quorum of disinterested judges in that court to determine the question, it has been certified to this court for decision, according to the provisions of section 68 of the practice act. 22 State Laws, 64.
It is necessary in this case, as in every other, to inquire what is-the matter in controversy — what is the question to be decided ? The application is for an order upon the sheriff, to make a deed to the purchaser of certain lands, by him sold on execution, at the suit of the plaintiff against the defendants. The case must be considered in the same light as if the execution had been issued from this court. In such case we should not have gone back to inquire whether the judgment upon which the execution had issued was erroneous, or whether an improper order had been made for issuing the execution. If the execution had been improvidently issued the party injured thereby would not be without redress. The proper course for him to pursue would be to move to have the execution, or the proceedings under it set aside. Upon such motion the court might, with propriety, travel back and inquire whether, subsequent to judgment, there had been anything irregular in their own proceedings, or in the conduct or proceedings of their officers.
Counsel for defendants, in argument, treat the question as if it arose upon a motion to set aside the execution and proceedings, or as if the proceedings had been removed from the court of common pleas to this court, by certiorari, for irregularity. In this they mistake the point in issue. Admitting that there was so much irregularity in the proceedings that the court would, upon a proper application, *set them aside, still it does not follow that the motion now under consideration must be overruled. We certainly are not acting as a court of errors to review the proceedings of the court of common pleas. We are in effect acting as a court of common pleas. That court not being competent, in consequence *338 of an interest in some of its members, to decide the motion submitted to them, the duty of making the decision is, by virtue of the statute, transferred to us.
Upon a motion to set aside an execution, as has been before observed, the court can, with propriety, examine the previous proceedings to ascertain whether there has been any irregularity in the orders of the court or in the proceedings of the clerk; but upon a motion similar to the present I apprehend we can look no further than to 'ascertain whether the officer, in making the sale, has pursued the law. I infer this from the nature of the application and from the words of the statute. These words are as follows : “ Provided, that if the court to which any execution shall be returned by the officer, for the satisfaction of which any lands and tenements may have been sold, shall, after having carefully examined the proceedings of said officer, be satisfied that this sale has been made in all respects in conformity to the provisions of the act, they ■shall direct their clerk to make an entry in the journal, that the court are satisfied of the legality of such sale, and an order that the said officers make to the purchaser a deed for such lands and tenements.”
Let us inquire, then, whether the sheriff, in making the sale, complied with the requisitions of the law. From the documents before us it is manifest that he caused the lands to be appraised “by five respectable disinterested freeholders” of the county; that these freeholders were by him duly sworn before they made the .appraisement; that the said appraisers made a return to him of their appraisement, “ under their hands and seals; “ that he forthwith thereafter deposited a copy of the return” with the clerk of the court from which the writ issued;” and that the property was ■sold for two-thirds of the appraised value. It is further manifest that he gave public notice of the time and place of sale, for more than thirty days before the day of sale, by advertisement in a public newspaper, printed in the ^county of Licking, the county in which the land lies, and that the sale took place at the courthouse of said county.
I am at a loss to discover in what particular the officer has failed in his duty. In fact, the complaint is not so much with respect to the officer, as to the court. Upon the whole, “ after having carefully examined the proceedings ” of the officer, I am “satisfied that the sale has, in all respects, been made in conformity to the *339 iprovisions ” of the statute, and that the order must be made according to the request of the plaintiff. Let it be made accordingly.